## Venn v. Kenton Building Association, et al.

(Decided October 1, 1912.)

Appeal from Kenton Circuit Court
(Common Chancery, Law and Equity Division).

Action—Finding of Chancellor—Sufficiency of Evidence.—In an action by a building association to foreclose a mortgage lien, and in a contest between the defendant and a bank, over the title to a certificate of deposit issued by the building association, evidence examined and held sufficient to sustain the finding of the chancellor in favor of both the building association and the bank.

CLORE DICKERSON & CLAYTON for appellant.

A. E. STRICKLETT, S. D. ROUSE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, the Kenton Building Association, brought this action against defendants, Edward William Venn and Nannie Venn, to enforce a mortgage lien on a lot of ground in Kenton County, Kentucky, given to secure a note for $1,000. By amended petition, the Continental National Bank of Louisville, Ky., was made a party de-

fendant. It filed an answer and cross petition, alleging title to a certificate of deposit for $900, bearing interest at the rate of 4 per cent, and issued to Venn by plaintiff. At the time of the institution of the action, the principal and interest on the debt secured by the mortgage amounted to $1,634.63. Issue was joined as to the validity of the mortgage and the ownership of the certificate. The chancellor found for plaintiff in the sum sued for, and directed a sale of the mortgaged property. Judgment was also rendered in favor of the Continental Bank. Venn appeals.

According to the evidence for plaintiff, Venn applied to plaintiff in March, 1894, for a loan of $1,000. When he made application for the loan there were many applications ahead of his, and Venn was told he would have to await his turn. Thereupon he agreed to take certificates of deposit in lieu, of cash. On May 22nd of the same year the mortgage and note sued on were duly executed. Thereupon two certificates were issued to him by the Building Association for the sums of $100 and $900. These certificates recited respectively that T. W. Venn had on deposit with the Kenton Building Association the sum of $100 and $900, payable to him when his turn arrived, with interest at the rate of four per centum per annum from date until paid. The certificate for $100 was sold by Venn to his mother. She held it until her death, when the Building Association paid the amount due on it to her estate. On October 16, 1894, Venn demanded payment of the $900 certificate within two weeks, but his turn not having come, he was so notified and payment was refused. On January 8, 1895, the Building Association issued a check for $100, payable to Venn on account of the $900 certificate. Between that time and February 26th, other checks amounting in all to $800, were issued. On February 26, 1895, all of these checks were destroyed, and a single check for $923.30, representing the entire amount due on the certificate, was issued to the cashier of the Northern Bank, who was then the treasurer of the Building Association, to be used to take up the certificate when it was presented, and Venn was then notified that the certificate would be paid on demand. On July 23, 1895, Venn stated to the officers of the Building Association that he had offered the certificate in payment of stock in the Falls City Veneer and Panel Company; that the company had re-

fused to deliver the stock until the certificate was paid. That he then endorsed it and delivered it to the company, and that they in turn had executed the company's note, attaching the certificate as collateral, and discounted same at the Western Bank, of Louisville. On this account, he claimed to be unable to present the certificate, and requested the Building Association to retain the amount due and permit it to draw interest at the rate of 4 per cent. This was agreed to by the Building Association, and the check for $923.30 was canceled. In October, 1895, the Falls City Veneer and Panel Company demanded payment of the certificate, and stated that the Western Bank would probably bring suit if it was not paid. About the same time, Venn requested the Building Association to withhold payment until further notice from him. In March, 1896, the Veneer and Panel Company made an assignment. In the proceedings for a settlement of its affairs, and as a claim against the assigned estate, appears a note for $1,000, executed on the 29th day of May, 1895, by the Veneer and Panel Company to the Western Bank of Louisville. In the affidavit of the president of the bank, it appears that the note was filed in the case of Kenton Building Association v. Venn, then pending in the Kenton Circuit Court. The affidavit, however, is silent as to the notes being secured by collateral. During the month of September, 1896, the Building Association brought suit against Venn and the Falls City Veneer and Panel Company and the Western Bank of Louisville to determine the ownership of the certificate, and at the same time arranged for the payment of the amount due when ordered by the court. It appears from the steps of record in the Kenton Circuit Court that the Western Bank filed an answer and cross-petition, and with it two exhibits. Proof was taken in the case and the case was ready for submission. Thereupon, the papers disappeared, and have never been found. Two commissioners were appointed to reproduce the papers, but no action was taken by them. Among the papers filed in the case was the certificate for $900 issued to Venn. This action progressed until 1906, when it was filed away.

In November, 1904, the Western Bank was converted into the Western National Bank, which succeeded and obtained title to all the former's assets. Subsequently the name of the Western National Bank was changed to the Continental National Bank which likewise succeeded to

the assets of the Western National and the Western Bank. At the time of the institution of this action, the Continental National Bank was in process of liquidation.

This action was brought by the Building Association in August, 1909. Up to that time the certificate for $900 had never been presented for payment.

The evidence in the case is vigorously assailed, and it is insisted that it is wholly insufficient to justify the conclusion reached by the chancellor. It is true that the evidence is meagre. It consists principally of admissions by Venn, but these admissions, considered in connection with the other evidence in the case, are, in the absence of evidence to the contrary, sufficient to show that Venn wanted stock in the Falls City Veneer and Panel Company; that he obtained the certificate for $900 for that purpose; that he endorsed the certificate in blank to the company, and received stock therefor; that the company desired cash at the time, and executed its note to the Western Bank for $1,000, and attached thereto the certificate for $900. If there was any fraud in this transaction, evidence to that effect should have been introduced by Venn. When the Building Association brought suit to determine the ownership of the certificate, it is of record that the Western Bank filed an answer and cross-petition, and that two exhibits were filed therewith. The affidavit of the president of the bank, filed in the assignment proceedings, shows a note for $1,000, executed by the Falls City Veneer and Panel Company, and that this note had not been paid, but was on file in the suit referred to. This note evidently constituted one of the exhibits, and the certificate for $900 the other. The secretary of the Building Association says that the certificate was filed with the case. From these facts we think it clear that Venn parted with his title to the certificate in question, and that he has now no further right thereto. That he should have invested the proceeds of the certificate in stock of an unsuccessful corporation, while unfortunate, presents no defense either to the enforcement of the mortgage lien or to the claim of title on the part of the bank. Whether the bank holds the certificate merely as collateral security or as its own property, its equity in the proceeds of the certificate, paid into court by the bank is superior to that of Venn.

As between Venn and the Building Association, it appears that he elected to take the certificate in question. This certificate is, and has always been, recognized by the Building Association as a binding obligation. Having accepted the certificate in lieu of cash, and having obtained the cash upon it, or its equivalent in stocks, he has no right now to insist on having the mortgage canceled, merely because the Building Association has never been required to pay the cash; for, being a valid obligation, the certificate should be paid. If the mortgage were now canceled, as contended for by counsel for Venn, the result would be that the Building Association would be out the money due on the certificate, which it has always recognized as a binding obligation, without any security therefor. The mere statement of the proposition is sufficient to show its weakness.

As said before, it was within Venn's power to testify and to show that the transaction was different from that disclosed by the record. He failed to give his deposition, and in the absence of any evidence to the contrary we conclude that the evidence introduced by the Building Association and the bank is sufficient to sustain the finding of the chancellor.

Judgment affirmed.